

# Fourth Court of Appeals
## San Antonio, Texas

May 7, 2014

Nos. 04-13-00761-CR & 04-13-00762-CR

Ruben **NERIO**,
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2005CR1231 & 2005CR1529
The Honorable Angus K. McGinty, Judge Presiding

# O R D E R

Appellant's briefs in these companion cases were originally due on February 26, 2014. Appellant is represented on appeal by appointed counsel, Mr. Mark E. Braswell. Mr. Braswell has been granted one extension of time in which to file the brief, until March 26, 2014. Neither the briefs nor a motion for extension of time were filed. Accordingly, on April 7, 2014, this court ordered Mr. Braswell to file appellant's briefs in this court no later April 25, 2014. Our order stated that no further extensions of time would be granted, and cautioned Mr. Braswell that if he failed to file appellant's briefs by April 25, 2014, this cause would be abated for the trial court to conduct a hearing to determine whether: (1) appellant desires to prosecute his appeal; (2) appellant is indigent, and if so, the trial court shall take such measures as may be necessary to assure the effective assistance of counsel, which may include the appointment of new counsel; and (3) counsel has abandoned the appeal. Mr. Braswell failed to respond to our April 7, 2014, order. Therefore, because the briefs have not been filed, pursuant to rule 38.8(b)(2) of the Texas Rules of Appellate Procedure, we ABATE these cases to the trial court and ORDER the trial court to conduct a hearing no later than May 27, 2014 to answer the following questions:

(1) Does appellant desire to prosecute his appeals?

(2) Is appellant indigent? If appellant is indigent, the trial court shall take such measures as may be necessary to assure the effective assistance of counsel, which may include the appointment of new counsel.

(3) Has appointed counsel abandoned the appeals? Because sanctions may be necessary, the trial court should address this issue even if new counsel is retained or substituted before the date of the hearing.

(4) If counsel has not abandoned the appeals and if the trial court does not appoint new counsel, the trial court must obtain on the record a date certain by which appellant's briefs will be filed.

(5) Should Mr. Braswell be sanctioned for failure to file appellant's briefs by April 25, 2014?

The trial court may, in its discretion, receive evidence on the first two questions by sworn affidavit from the appellant. The trial court shall, however, order Mr. Braswell to be present at the hearing.

The trial court is further ORDERED to file supplemental clerk's and reporter's records in this court, no later than June 6, 2014, which shall include: (1) a transcription of the hearing and copies of any documentary evidence admitted, (2) written findings of fact and conclusions of law, and (3) recommendations addressing the above enumerated questions. All appellate filing dates are ABATED pending further orders from this court.

The Clerk of this court shall cause a copy of this order to be served on Mr. Braswell by certified mail, return receipt requested, and by regular United States mail. The Clerk of this court shall also fax a copy of this order to the presiding judge of the 144th Judicial District Court, Bexar County, Texas.

_Sandee Bryan Marion_
Sandee Bryan Marion, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 7th day of May, 2014.

_Keith E. Hottle_
Keith E. Hottle
Clerk of Court